*Attorney for Plaintiff*
**Seth Crosland, Esq.**
**Brandy Austin Law Firm**
**2404 Roosevelt Drive**
**Arlington, Texas 76016**
**(P) (817) 841-9906**
**(E) seth@brandyaustinlaw.com**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **AIESHA THOMAS,** ) | **Case No.:** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL COMPLAINT** |
| ) | |
| ) | **AND** |
| **ALLY FINANCIAL, Inc.** ) | |
| ) | **JURY TRIAL DEMAND** |
| **Defendant.** ) | |
| ) | |
| ) | |

**CIVIL COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, Aiesha Thomas, (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the Ally Financial (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for damages arising from Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

**JURSIDICTION AND VENUE**

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2.    Venue is proper in this district under 28 U.S.C § 1391(b).

**PARTIES**

3.      Plaintiff, Aiesha Thomas, is a natural person, who at all relevant times has resided in the city of Richardson, Dallas County, State of Texas.

4.      Defendant, Ally Financial, is incorporated and doing business in the State of Michigan, with its corporate mailing address as 200 Renaissance Center, Detroit, MI 48265.

**FACTUAL STATEMENT**

5.      On or about February 6, 2016, in an attempt to collect a debt, Defendant began calling our client on her cellular telephone number, (214) XXX -8420 with automated telephone calls.

6.      Phone calls were made from telephone number (888) 611-6904 which number belongs to Defendant.

7.      On or about February 6, 2016 to February 8, 2016, Plaintiff was called a total of seven (7) times to her cell phone by Defendant without her consent. Thereafter, the calls stopped.

8.      On or about May 7, 2016 through May 17, 2016, Plaintiff once again started on a course of deliberate collection attempts at collecting an alleged consumer debt by once again calling Plaintiff's cell phone number, (214) XXX-8420 from telephone number (888) 611-6904.

9.      Defendant's telephone calls were made through the use of an automated dialing system. There were numerous calls made to Plaintiff, often several per day.

10.     From the period from May 7, 2016 to May 17, 2016, Plaintiff was called a total of thirty two (32) times by Defendant through the use of an autodialer.

11.     At all times relevant to this litigation, in an attempt to collect a debt, Defendant placed a total of at least thirty two (32) calls to Plaintiff on the following dates and times:

> 02/06/2016 08:53:33 AM, 02/06/2016 02:37:22 PM, 02/07/2016 08:32:54 AM
> 02/07/2016 10:23:55 AM, 02/07/2016 02:14:45 PM, 02/08/2016 01:23:41 PM,
> 05/07/2016 08:14:39 AM, 05/07/2016 03:16:27 PM, 05/08/2016 08:31:06 AM
> 05/08/2016 09:40:39 AM, 05/08/2016 11:31:30 AM, 05/08/2016 02:54:01 PM
> 05/09/2016 08:16:35 AM, 05/09/2016 09:53:43 AM, 05/09/2016 02:41:38 PM
> 05/10/2016 08:16:41 AM, 05/10/2016 10:08:53 AM, 05/10/2016 12:23:35 PM

05/10/2016 02:05:57 PM, 05/12/2016 08:26:23 AM, 05/12/2016 12:41:12 PM
05/12/2016 02:18:05 PM, 05/14/2016 08:26:26 AM, 05/14/2016 10:14:23 AM
05/14/2016 02:33:26 PM, 05/15/2016 08:11:20 AM, 05/15/2016 09:55:51 AM
05/15/2016 11:45:05 AM, 05/16/2016 08:07:02 AM, 05/16/2016 11:39:29 AM
05/16/2016 02:38:09 PM, 05/16/2016 07:58:48 PM, 05/17/2016 08:11:16 AM
05/17/2016 08:25:45 AM, 05/17/2016 09:02:56 AM, 05/17/2016 11:08:17 AM

12.     On or about May 19, 2016, after having received numerous calls on her cell phone,

Plaintiff called Defendant's offices and spoke to Defendant's representative who stated that the

calls that were made to Plaintiff were automated and when asked by Plaintiff as to whom

Defendant was calling, the representative replied that the calls were intended for an individual

by the name of Ms. Jessica Brown.

13.      Plaintiff advised Defendant's representative that she was not the individual that

Defendant was calling and that Defendant was calling the wrong number.  Plaintiff advised

Defendant to stop calling her.

14.     Plaintiff is not the individual that Defendant was attempting to locate.  She never gave

consent to be called by Defendant on her cellular phone, has no existing or prior business

relationship with Defendant and repeatedly advised Defendant they had the wrong number and

were to cease calling her.

15.     Defendant's telephone calls were made through the use of an automated dialing system.

There were numerous calls made, often several per day, and Plaintiff alleges they were from

pre-recorded messages looking for Ms. Jessica Brown.

16.     Defendant did not have consent to call Plaintiff's cellular telephone through the use of

an autodialer, but Plaintiff continued to receive calls after revoking any consent that may have

existed.

17.     After being advised that Plaintiff was not the individual, Ms. Jessica Brown to whom

Defendant was calling, Defendant was on actual and or constructive notice that they were

calling the wrong number, yet continued to call.

18.     As a result of the foregoing actions, Plaintiff has been damaged and is entitled to relief.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. §227 et seq.**

19.     Plaintiff repeats and realleges the prior paragraphs as if fully set forth herein.

20.     Defendant called Plaintiff's cellular telephone number repeatedly in an attempt to

collect on an alleged debt.  The calls were excessive, abusive and harassing.

21.     Defendant called Plaintiff's cellular telephone number through use of an automated

telephone dialing system which subjects them to the provisions of the Act.

22.     Defendant did not have express consent from Plaintiff to call Plaintiff's cellular

telephone number at any time.

23.      Plaintiff has been damaged by Defendant's actions which constitute violations of 47

U.S.C. § 227(b)(1)(A)(iii), as well as any other applicable provisions of the TCPA, and its

conduct is not exempt from the proscriptions of the statute.

**WHEREFORE**, Plaintiff, Aiesha Thomas, respectfully requests judgment as follows:

a.      Declaring Defendant's actions to be violations and/or willful violations of The

Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*.

b.      Entering judgment in favor of Plaintiff against Defendant for actual damages,

statutory damages, costs and fees under the Telephone Consumer Protection Act, 47

U.S.C. §227 *et seq*.

c.      Declaring Defendant's actions to be violations and/or willful violations of the

Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*.

d.      Granting such other and further relief as may be just and proper.

### **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.


Dated this 19th Day of July, 2016

                                        Respectfully Submitted,

                                         _s/ Seth P. Crosland_____
                                        Seth Crosland
                                        Brandy Austin Law Firm
                                        2404 Roosevelt Drive
                                        Arlington, Texas 76016
                                        (P) (817) 841-9906
                                        (E) seth@brandyaustinlaw.com
                                        *Attorney for Plaintiff*